LAURA COWANS v. NORTH CAROLINA BAPTIST HOSPITALS, Inc.

(Filed 10 April, 1929.)

**Hospitals B b—Charitable hospital is liable for negligent injury to employees.**

A charitable hospital not operated for gain but only for benevolent purposes is liable in damages for a negligent injury inflicted by it on an employee as distinguished from a patient therein. *Green v. Biggs,* 167 N. C., 417; *Hoke v. Glenn,* 167 N. C., 594, cited and distinguished.

APPEAL by defendant from *Moore, J.,* at February Term, 1929, of FORSYTH.

Civil action by plaintiff, servant or employee of defendant, to recover damages for an alleged negligent injury, tried in the Forsyth County Court on the usual issues of negligence, contributory negligence and damages, which resulted in a verdict and judgment for the plaintiff. On appeal to the Superior Court, all exceptions and assignments of error were overruled and the judgment of the county court affirmed.

From the judgment of the Superior Court, the defendant appeals, assigning errors.

*Richmond Rucker and John J. Ingle for plaintiff.*
*A. Wayland Cooke and Fred S. Hutchins for defendant.*

STACY, C. J. The chief question presented by the appeal is whether a charitable hospital, operated not for gain, but for benevolent purposes, can be held liable in damages for the negligent injury to a servant or employee. We think so. 5 R. C. L., 378; *McInerny v. St. Luke's Hosp. Asso.* (1913) (Minn.), 46 L. R. A. (N. S.), 548; *Bruce v. Central M. E. Church* (1907), 10 L. R. A. (N. S.), 74, 11 Ann. Cas., 150 (Mich.); *Hewett v. Women's Hosp. Aid Asso.* (1906), 7 L. R. A. (N. S.), 496, 64 Atl., 190 (N. H.); *Hordern v. Salvation Army* (1910), 32 L. R. A. (N. S.), 62, 93 N. E., 626.

Plaintiff was a servant or employee of the defendant, and not a beneficiary of its charity. This distinguishes the case from *Green v.*

*Biggs,* 167 N. C., 417, 83 S. E., 553, and *Hoke v. Glenn,* 167 N. C., 594, 83 S. E., 807, where it was held that an eleemosynary institution or a charitable hospital was not liable to a patient for the *tort* of its servants or agents, when due care was exercised in the selection or retention of said servants or agents, and no duty was undertaken requiring the exercise of special art or skill. See, also, *Johnson v. Hospital,* 196 N. C., 610.

Affirmed.