MRS. RACHEL VIRGINIA WILLIAMS, BY HER NEXT FRIEND, C. W. WILLIAMS, v. UNION COUNTY HOSPITAL ASSOCIATION, INC., D/B/A ELLEN FITZGERALD HOSPITAL.

(Filed 21 November, 1951.)

**1. Pleadings §§ 15, 31—**

The sufficiency of new matter alleged in the answer to constitute a defense may be tested either by demurrer, G.S. 1-141, or by motion to strike, G.S. 1-126.

**2. Hospitals § 6—**

A charitable hospital is not liable for injuries to a patient caused by the negligence of its employees but may be held liable for its negligence in failing to use due care in the selection of its employees.

**3. Same: Pleadings § 31—**

Where, in a suit against a hospital for injury to a patient, there are allegations of negligence on the part of the employees of the hospital, *held* defendant's answer alleging that it is a nonprofit corporation operated as an eleemosynary or charitable institution states a germane defense, and plaintiff's demurrer to such defense is properly overruled.

APPEAL by plaintiff from *Bennett, Special Judge,* April Extra Civil Term, 1951, MECKLENBURG. Affirmed.

Civil action to recover compensation for personal injuries sustained by plaintiff while a patient in defendant's hospital, heard on demurrer to defendant's further defense set out in its answer.

Briefly stated, plaintiff alleges that on 24 May 1949 she was aged, feeble, in ill health, and physically unable to take care of herself; that she was admitted to defendant's hospital as a patient; that her condition was so obvious that defendant knew, or should have known, that it was necessary to place guard rails or other protective devices around her bed to keep her from falling; that this is the usual custom in such cases; that defendant negligently failed to provide plaintiff with any such protection; that as a result she fell from the bed and received serious and permanent injuries to her hip. She alleges other acts of negligence of defendant through its agents and employees.

In its answer defendant alleges that it is a nonstock, nonprofit corporation operated as an eleemosynary or charitable institution.

The plaintiff demurred to said further defense for that the facts alleged do not constitute a valid defense or render the defendant immune from liability for its own negligence. The demurrer was overruled and plaintiff appealed.

*Covington & Lobdell for plaintiff appellant.*
*J. Laurence Jones and Jno. H. Small for defendant appellee.*

BARNHILL, J.   When new matter is alleged in an answer by way of an affirmative defense, the sufficiency of the plea as a defense to plaintiff's cause of action may be tested either by demurrer or by motion to strike. Both remedies are available to plaintiff.   Each is an appropriate method of testing the sufficiency of the plea as a defense to plaintiff's cause of action.

"The plaintiff may in all cases demur to an answer containing new matter, where, upon its face, it does not constitute a . . . defense; and he may demur to one or more such defenses . . . and reply to the residue." G.S. 1-141; *Williams v. Thompson,* 227 N.C. 166, 41 S.E. 2d 359; *Insurance Co. v. McCraw,* 215 N.C. 105, 1 S.E. 2d 369.

As new matter which has no substantial relation to the controversy and presents no defense to the action is irrelevant and immaterial, the plaintiff may, instead, elect to move to strike as provided by statute.   G.S. 1-126, G.S. 1-153; *Patterson v. R. R.,* 214 N.C. 38, 198 S.E. 364; *Brown v. Hall,* 226 N.C. 732, 40 S.E. 2d 412.

Decisions in the various jurisdictions on the question of liability of an eleemosynary or charitable corporation for the results of its negligence and the negligence of its employees evidence much contrariety of opinion. 10 A.J. 687, sec. 140, *et seq.; Herndon v. Massey,* 217 N.C. 610, 8 S.E. 2d 914.   Even so, the doctrine of liability of such corporations as adopted and applied in this jurisdiction is settled by a uniform line of decisions. *Barden v. R. R.,* 152 N.C. 318, 67 S.E. 971, 49 L.R.A. N.S. 801; *Hoke v. Glenn,* 167 N.C. 594, 83 S.E. 807; *Johnson v. Hospital,* 196 N.C. 610, 146 S.E. 573; *Cowans v. Hospitals,* 197 N.C. 41, 147 S.E. 672; *Herndon v. Massey, supra; Smith v. Duke University,* 219 N.C. 628, 14 S.E. 2d 643; Anno. 109 A.L.R. 1199.

After discussing the conflicting viewpoints expressed by other Courts, *Allen, J.,* speaking for the Court in *Hoke v. Glenn, supra,* says:

"We prefer to adopt the middle course, which exempts (charitable corporations) from liability for the negligence of employees and requires the exercise of ordinary care in selecting them, as more consonant with authority and with the purposes for which such institutions are established. . . .

"In the application of this principle the distinction between the negligent act of the employee and the negligence of the corporate body, in selecting employees must be kept steadily in view, as it is only the latter which creates liability."

And in *Johnson v. Hospital, supra, Brogden, J.,* speaking to the subject, says:

"The boundary line between the liability of hospitals operated upon the basis of charity and not for the purpose of profit or gain, and those operated for such latter purpose is clearly marked. 'The principle seems

to be generally recognized that a private charitable institution, which has exercised due care in the selection of its employees, cannot be held liable for injuries resulting from their negligence, and the rule is not affected by the fact that some patients or beneficiaries of the institution contribute towards the expense of their care, where the amounts so received are not devoted to private gain, but more effectually to carry out the purposes of charity.' "

It follows that in the light of some of the allegations of negligence contained in the complaint, the new matter alleged in the answer is germane and material. To what extent the doctrine is to be applied must depend upon the evidence offered at the trial.

While the doctrine followed in this jurisdiction clearly exempts an eleemosynary hospital from liability for the negligence of its servants, who have been selected with due care, in the care and treatment of those who have accepted the benefits of the charity, so far this Court has not applied the doctrine as against one who is not a recipient of the charity but who, instead, pays full compensation for the services rendered. As to such patient, is the plea available to the defendant? While some of the cases cited contain dicta bearing on the question, as yet there is no authoritative decision in this jurisdiction. See 10 A.J. 691, sec. 144, and p. 700, sec. 151; Anno. 14 A.L.R. 572, and 33 A.L.R. 1369. The demurrer does not necessarily raise the question. Hence decision thereof is reserved.

The judgment of the court below overruling the demurrer is
Affirmed.