BEULAH PAYNE v. F. K. GARVEY, FRANK SOHMER, DAVID CAYER AND THE NORTH CAROLINA BAPTIST HOSPITALS, INC.

(Filed 2 June, 1965.)

**Hospitals § 3;   Physicians and Surgeons § 11—**

Evidence tending to show that as a student nurse was shaking down a thermometer it broke and mercury and glass hit plaintiff's eye, causing injury, *held,* to disclose an accidental injury for which neither the hospital nor the physician having plaintiff admitted to the hospital may be held responsible, there being no evidence of negligence in furnishing the equipment, or in failing to make reasonable inspection of it, or in failing to properly instruct the nurse.

APPEAL by plaintiff from *Braswell, J.,* January, 1965 Session, ALAMANCE Superior Court.

The plaintiff became a patient of Dr. Garvey, a specialist in one field of medicine who called in consultation Dr. Cayer and Dr. Sohmer,

specialists in other fields. Dr. Sohmer had the patient admitted to the hospital.

The opening paragraph in plaintiff's brief contains a concise statement of this case:

> "Plaintiff sues a hospital and three doctors for injuries resulting from a thermometer breaking and glass and mercury falling into her left eye. The complaint alleges that the doctors are liable for the negligence of the nurse handling the thermometer as their agent. The complaint does not allege any cause of action against the hospital based on *respondeat superior* but alleges corporate or administrative negligence in regard to (1) the instruments furnished, (2) permitting incompetent personnel to attend plaintiff, and (3) not giving this person proper instructions. The plaintiff appeals from judgment of nonsuit as to all defendants at close of plaintiff's evidence. Appeal was not perfected and is abandoned as to two of the defendants, but was perfected and is prosecuted as to the defendant THE NORTH CAROLINA BAPTIST HOSPITALS, INC., and Dr. Frank Sohmer."

The plaintiff's evidence disclosed that Miss Adams, a student nurse, had been in training at the hospital's nursing school for more than eight months. The supervisor of nursing testified that Miss Adams had been instructed and trained to take patients' temperatures . . . "We consider taking temperature one of the less complicated procedures. . . . I am sure she had been under supervision long enough to have been doing it by herself for several months." "There is no prescribed method as to where the nurse shall stand or face in relation to a bed patient when shaking down the thermometer."

The plaintiff testified: "I was watching her while she was shaking the thermometer. The thermometer did not hit me. It did not hit anything." . . . "It broke and the only thing I felt was when the mercury and glass hit my eye. . . ." The plaintiff offered evidence that she had suffered pain and had some permanent injury to her vision. At the close of all the evidence the court sustained demurrers thereto and entered compulsory nonsuit against all defendants. The plaintiff prosecutes the appeal against Dr. Sohmer and the hospital.

*Dalton & Long by W. R. Dalton, Jr., for plaintiff appellant.*

*Smith, Moore, Smith, Schell & Hunter by Richmond G. Bernhardt, Jr., for defendant Dr. Frank Sohmer, appellee.*

*Womble, Carlyle, Sandridge & Rice by Irving E. Carlyle, Sapp & Sapp by Armistead W. Sapp for North Carolina Baptist Hospitals, Inc., appellee.*

PER CURIAM. The plaintiff admits the defendant Hospital is an eleemosynary institution, and perhaps not responsible under *respondeat superior* rules for the negligent acts of its employees. She does contend, however, that the hospital was under a positive duty to furnish safe equipment, including thermometers, for the use of employees in treating the hospital patients. If we accept the proposition that the hospital was charged with that duty, its exercise would require due care in the selection, inspection, and maintenance of the equipment. At most, the hospital was required to furnish standard equipment and to make reasonable inspection and remedy any defects discoverable by such inspection. The hospital did not guarantee a glass thermometer against breakage. Wherein the hospital failed to exercise due care in any particular, the evidence does not disclose.

Something more than an accident and injury is necessary to make out a case of actionable negligence against either the hospital or Dr. Sohmer. In fact, Dr. Sohmer did no more than have the plaintiff admitted to the hospital.

The plaintiff's own witness testified the student nurse had been instructed in the simple procedure of taking temperature and perhaps had several months experience in that procedure. The evidence in the light most favorable to the plaintiff does not bridge the *hiatus* between the accident and the injury. Negligent causation does not appear. The demurrer to the evidence was properly sustained. Judgment dismissing the action was required.

Affirmed.