MRS. RUTH E. HELMS v. MRS. PEGGY SMITH WILLIAMS AND MERCY HOSPITAL, INC.

No. 6926SC149

(Filed 30 April 1969)

1. **Hospitals § 3—  defense of charitable immunity — liability insurance coverage**

    Even though charitable hospital had liability insurance in effect at the time plaintiff was injured, hospital is entitled to assert the defense of charitable immunity where the cause of action arose prior to the decision in *Rabon v. Hospital*, 269 N.C. 1, which abolished the defense.

2. **Hospitals § 3—  negligence of hospital in selection and retention of nurse — jury question**

    Issue of charitable hospital's negligence in the selection and retention of a head nurse should have been submitted to the jury where plaintiff

offered evidence tending to show that while plaintiff was recuperating from a back operation the head nurse administered a hypodermic injection in such a manner that the hypodermic needle broke, that the nurse allowed the broken needle to remain in plaintiff's hip without informing the plaintiff or the hospital, that severe infection resulted, and that defendant hospital had knowledge from its own records that the nurse did not have the training, personality or ability to be a head nurse.

**3. Hospitals § 3— liability of hospital for employee negligence**

A hospital, whether charitable or profit-making, is liable for the negligent acts of its employee under the doctrine of *respondeat superior* if it fails to exercise due care in the selection or retention of such employee.

**4. Trial § 21— motion for nonsuit — consideration of evidence**

It is elementary that upon motion for judgment of nonsuit the evidence of the plaintiff must be taken to be true and must be considered in the light most favorable to him.

APPEAL by plaintiff from *Ervin, J.,* 23 September 1968 Civil B. Session of Superior Court of MECKLENBURG County.

Plaintiff, Mrs. Ruth E. Helms (plaintiff), alleges she was injured and damaged by the negligence of Mrs. Peggy Jean Smith Williams (Williams) acting as the agent, servant, and employee of the corporate defendant, Mercy Hospital, Inc. (Mercy). Plaintiff alleges that defendant Mercy negligently employed and retained in employment the defendant Williams when it knew or should have known that Williams was incompetent to perform the duties assigned to her. Mercy denied negligence, pleaded the statute of limitations, and alleged it was a charitable corporation and therefore immune to and exempted from liability for the negligent acts of Williams alleged in the complaint.

After a pretrial hearing, the trial court entered the following judgment with respect to the defendant Mercy:

"At the conclusion of the defendants' evidence page 44, Transcript Folder 1, in support of its plea in bar of immunity as a charitable corporation, the court finds as facts from the evidence and concludes as a matter of law that the corporate defendant Mercy Hospital, Inc., is a charitable corporation and entitled to the immunity of an eleemosynary institution as a defense to its liability in this action;

Based on the foregoing finding of facts and the conclusion of law, IT IS ORDERED, ADJUDGED AND DECREED that the corporate defendant Mercy Hospital, Inc., is a charitable corporation and is entitled to the defense of charitable immunity to the plaintiff's

cause of action as set out in the complaint in the above entitled action."

At the close of plaintiff's evidence, the trial court allowed Mercy's motion for judgment as of nonsuit and submitted the case to the jury who answered the issues as follows:

"1. Was the plaintiff injured and damaged by the negligence of the defendant, Mrs. Peggy Joyce Smith Williams, as alleged in the complaint?

ANSWER: Yes

2. What amount of damages, if any, is the plaintiff entitled to recover of the defendant, Mrs. Peggy Joyce Smith Williams, by reason of her injuries?

ANSWER: $15,000.00"

Judgment was entered upon this verdict from which there was no appeal by either party.

Plaintiff excepted and appealed from the judgment entered as to Mercy.

*Carswell & Justice by James F. Justice, C. J. Leonard, Jr., and James H. Carson for plaintiff appellant.*

*Myers, Sedberry & Collie by J. C. Sedberry and Charles T. Myers for defendant Mercy Hospital, Inc., appellee.*

MALLARD, C.J.

[1] In *Rabon v. Hospital,* 269 N.C. 1, 152 S.E. 2d 485, Justice Sharp, speaking for the Court, said:

"Convinced that the rule of charitable immunity can no longer properly be applied to hospitals, we hereby overrule *Williams v. Hospital,* 237 N.C. 387, 75 S.E. 2d 303, *Williams v. Hospital Asso.,* 234 N.C. 536, 67 S.E. 2d 662, and other cases of similar import. We hold that defendant Hospital is liable for the negligence of its employees acting within the scope and course of their employment just as is any other corporate employer. Recognizing, however, that hospitals have relied upon the old rule of immunity and that they may not have adequately protected themselves with liability insurance, we follow the procedure of Michigan, Illinois, Nebraska, and Wisconsin, as detailed in the decisions previously noted. The rule of liability herein announced applies only to this case and to those causes

of action arising after January 20, 1967, the filing date of this opinion."

Thereafter, the General Assembly of 1967 enacted the following:

"The common-law defense of charitable immunity is abolished and shall not constitute a valid defense to any action or cause of action arising subsequent to September 1, 1967." G.S. 1-539.9.

The occurrence in controversy here is alleged to have happened on 5 February 1964, which is prior to the decision in *Rabon* and the effective date of the statute above mentioned.

The law as it existed prior to *Rabon* relating to the liability of hospitals for the negligent acts of its employees is stated in *Williams v. Hospital, supra* (overruled in *Rabon*), as follows:

"It is settled law in this jurisdiction that a charitable institution may not be held liable to a beneficiary of the charity for the negligence of its servants or employees if it has exercised due care in their selection and retention. *Barden v. R. R.*, 152 N.C. 318, 67 S.E. 971; *Hoke v. Glenn*, 167 N.C. 594, 83 S.E. 807; *Herndon v. Massey*, 217 N.C. 610, 8 S.E. 2d 914; *Johnson v. Hospital*, 196 N.C. 610, 146 S.E. 573; *Smith v. Duke University*, 219 N.C. 628, 14 S.E. 2d 643. It is to be noted that the rule to which we adhere holds a charitable institution liable for failure to exercise due care in the selection and retention of its servants (*Hoke v. Glenn, supra*), and also permits a servant to recover for administrative negligence of the charity. *Cowans v. Hospital*, 197 N.C. 41, 147 S.E. 672. Thus the rule to which we adhere is that of qualified immunity."

We are of the opinion and so hold that under the facts of this case and inasmuch as this cause of action arose prior to the decision in *Rabon* and the effective date of the statute that Mercy is entitled to assert the defense of charitable immunity.

Plaintiff also contends that one of the questions involved on this appeal is whether the defense of charitable immunity is available to the corporate defendant in view of the fact that it had liability insurance coverage in effect at the time plaintiff was injured.

In *Rabon v. Hospital, supra*, beginning at bottom of page three, it is said, "Nor does the fact that a charitable institution has procured liability insurance affect its immunity." It is common knowledge that insurance companies base their premiums upon the exposure involved. At the time Mercy obtained this insurance, the doctrine of charitable immunity limited its exposure.

[1]   If *Rabon* means what it says, and we believe that it does, we are of the opinion that it is the law in North Carolina, and we so hold, that even though Mercy had liability insurance, such did not waive the defense of charitable immunity available to it at the time of this occurrence. *Hayes v. Wilmington,* 243 N.C. 548, 91 S.E. 2d 690; *Flanner v. Saint Joseph Home,* 227 N.C. 342, 42 S.E. 2d 225; *Herndon v. Massey, supra.* For a statement of opposite view, see *Hill v. James Walker Memorial Hospital, et al,* ...... F. 2d ...... (4th Cir. 1969).

[2]   Plaintiff contends that there was sufficient evidence to require submission of this case to the jury upon her allegation that Mercy was negligent in the selection and retention of Williams as head nurse.

The evidence for the plaintiff, taken in the light most favorable to plaintiff, tends to show that plaintiff was admitted on 4 January 1964 to Mercy, preparatory to an operation on her back. The back operation was successfully performed. While she was recuperating from this operation, Williams, who was employed by defendant Mercy as a head nurse on 5 February 1964, gave her a hypodermic injection in a negligent manner and in doing so negligently broke the hypodermic needle, leaving the broken part in plaintiff's hip. This caused excessive bleeding to such an extent the bed linens had to be changed. Williams was not adequately trained and did not have "the personality, the order, industriousness, nor ability to be a head nurse," and Mercy had had knowledge thereof since 1958 inasmuch as information to that effect was in its own records. Williams, although she was the head nurse, did not report and did not make a record of the incident of the broken hypodermic needle as required by the rules and regulations of Mercy. Neither did Williams inform plaintiff of the broken hypodermic needle. Had the incident of the broken needle been reported promptly, it would have been a simple matter to remove it. However, as a result of remaining imbedded in the plaintiff's hip for a considerable period of time, the broken hypodermic needle caused severe infection which required plaintiff's hospitalization at institutions other than at Mercy. As a result of the infection, plaintiff developed thrombo-phlebitis. In view of our ruling herein, we do not summarize all of the evidence.

In *Norfolk Prot. Hospital v. Plunkett,* 162 Va. 151, 173 S.E. 363, the Court upheld a verdict for the plaintiff on the basis that the hospital was negligent in selecting and retaining a nurse whose negligence proximately caused the plaintiff's injuries and in the course of its opinion stated:

"It is not sufficient to say that a nurse is competent simply be-
cause she is capable of discharging the manual duties incum-
bent upon her as a nurse. It is a matter of common knowledge
that the welfare of a patient is as much the responsibility of
the nurse as it is of the physician. If she is lacking in educational
preparation, if she is guilty of indiscretions that impair her
physical or mental status, if she is lacking in that moral char-
acter which imbues the patient with confidence, then it cannot
be said that she is a competent person to be placed in charge of
a helpless patient."

**[3]**  It is now and has been the law in North Carolina that a hos-
pital, whether charitable or profit-making, is liable for the negligent
acts of its employee under the doctrine of *respondeat superior* if it
fails to exercise due care in the selection or retention of such em-
ployee. Such negligence is sometimes referred to as "corporate neg-
ligence." *Rabon v. Hospital, supra; Williams v. Hospital Asso.,
supra; Cowans v. Hospital, supra; Johnson v. Hospital, supra; Hoke
v. Glenn, supra;* see also *President and Dir. of Georgetown College
v. Hughes,* 130 F. 2d 810; 25 A.L.R. 2d 113, 179.

**[4]**  In the case of *Anderson v. Carter,* 272 N.C. 426, 158 S.E. 2d
607, Justice Lake, speaking for the Court, said:

"It is elementary that upon a motion for judgment of nonsuit
the evidence of the plaintiff must be taken to be true and must
be considered in the light most favorable to him, resolving all
contradictions therein in his favor, and giving him the benefit
of every inference in his favor which can reasonably be drawn
from it."

**[2]**  Applying the above principles of law to the facts in the case
before us, we are of the opinion and so hold that there was ample
evidence to require submission to the jury of the question of the
negligence of Mercy in the selection and retention of Williams as
head nurse, and that the trial court committed error in allowing
Mercy's motion for judgment of nonsuit.

Reversed.

BRITT and PARKER, JJ., concur.