HELEN R. WILLIAMS, EXECUTRIX OF THE ESTATE OF MANUEL SAMUEL WILLIAMS v. ANN B. LEWIS, LLOYD W. BAILEY AND J. C. D. BAILEY, AS EXECUTORS OF THE ESTATE OF DR. C. W. BAILEY, DECEASED, AND PARK VIEW HOSPITAL ASSOCIATION, INCORPORATED

No. 716SC341

(Filed 26 May 1971)

1. Hospitals § 3— charitable immunity

Doctrine of charitable immunity applies in an action against a nonprofit hospital which arose prior to the decision of *Rabon v. Hospital*, 269 N.C. 1.

2. Hospitals § 3— electrical failure — failure to show negligence

There was no showing of negligence on the part of any employee of defendant hospital or of the hospital administration in this action for wrongful death based upon the alleged negligence of the hospital in failing to provide an uninterrupted flow of electric current in the operating room while an electric suction pump was being used to draw excess blood from decedent's throat during surgery, where the hospital's emergency generating equipment was in good repair and was superior to similar equipment maintained by other hospitals in the community, and the emergency generator was activated within 30 to 90 seconds after city which supplied power to the hospital, without warning, voluntarily terminated the supply of power to the hospital.

APPEAL by plaintiff from *Cowper, Judge,* 1 February 1971 Civil Session, HALIFAX County Superior Court.

Plaintiff, as the executrix of the Estate of Manuel Samuel Williams, instituted this action for the wrongful death of Manuel Samuel Williams (Williams) as the result of alleged negligence on the part of defendants. Plaintiff alleged that Williams was a

patient of Dr. C. W. Bailey, since deceased, and was admitted to the defendant Park View Hospital Association, Incorporated (Hospital) for the purpose of an operation to remove his tonsils and adenoids. During the course of the operation, on July 15, 1964, Williams experienced some difficulty and stopped breathing. In order to facilitate breathing, Dr. Bailey attempted to put an opening in the trachea but severed an artery in the process. An electric suction pump was used to draw out excess blood in the throat. Immediately after the incision had been made in the trachea, the electric current cut off in the operating room plunging it into total darkness and stopping the suction pump. Shortly thereafter, the lights came on again and Dr. Bailey continued to make the incision in Williams' trachea and while doing so, the electric current cut off for a second time, leaving the operating room without power for about one and one-half minutes. Plaintiff's intestate, Williams, again stopped breathing while the current was off for the second time and died.

Plaintiff alleged that Dr. Bailey was negligent in the manner in which he conducted the operation, and that the Hospital was negligent in that it failed to provide proper and adequate emergency power facilities, and failed, after the first power failure, to take proper precautions to place the emergency power facilities in proper working order. Plaintiff alleged that the negligence of the defendants was the sole proximate cause of the death of plaintiff's intestate.

Both defendants denied the allegations of negligence, and, as a further defense, the Hospital alleged that it was a non-profit, charitable institution chartered under the laws of North Carolina and had at all times in connection with plaintiff's intestate used due and proper care in the selection and retention of its servants and employees. As a second further defense, the Hospital alleged that it had available an emergency electrical system superior to that maintained by other hospitals in the community; that the Hospital had a proper and adequate source of electricity from the City of Rocky Mount, which had customarily advised the Hospital should the City voluntarily terminate the supply of electrical current to the Hospital; that the Hospital had installed and maintained a large diesel engine to provide emergency electricity to the operating room as well as other emergency areas within the Hospital; that the starting mechanism was in an area with personnel in the immediate vicinity who could and did activate it; that the Hospital used

due care in the selection and maintenance of the regular lighting and power equipment and the emergency power and lighting equipment, and used due care in keeping the same ready and available for use in the event of an emergency.

Defendant Hospital then moved for summary judgment based on portions of plaintiff's complaint, an affidavit of the Executive Director of the Hospital to the effect that the Hospital is a non-profit, charitable organization, and the certificate of incorporation of the Hospital.

Plaintiff also moved for summary judgment against the Hospital and introduced in support of its motion portions of the complaint and answer of defendant Hospital, the death certificate of Williams with statement of cause of death attached, signed by Dr. Bailey, answers of the Executive Director of the Hospital to interrogatories submitted by plaintiff, and an affidavit of the maintenance supervisor of the Hospital.

After consideration of the materials presented in support of the motions for summary judgment, the trial judge granted summary judgment in favor of defendant Hospital, and plaintiff appeals to this Court.

*Allsbrook, Benton, Knott, Allsbrook & Cranford by J. E. Knott, Jr., for plaintiff appellant.*

*Battle, Winslow, Scott & Wiley by J. Brian Scott and Samuel E. Woodley, Jr., for defendant appellee, Park View Hospital Association, Incorporated.*

CAMPBELL, Judge.

Plaintiff's sole exception is to the granting of summary judgment in favor of defendant Hospital. Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c).

Plaintiff's contention is that the Hospital was under a duty to provide adequate supplies and facilities; that this duty includes the duty to provide a reasonably reliable and uninterrupted flow of electric current for the operation of the electrical lighting system and suction pumps in the operating room; and

that the Hospital failed in this capacity and therefore is liable to plaintiff.

The materials presented in support of the motions for summary judgment show that the first power interruption came without warning to the Hospital and lasted from 4 to 30 seconds. An employee of the Hospital, in charge of activating the emergency equipment, immediately called the city electrical department, (the City of Rocky Mount furnishes electric power to the Hospital) and talked to a Mr. Strickland whom he personally knew. Mr. Strickland was unaware of the power failure but promised to check it out and also promised to call the Hospital prior to any further power interruption. It appeared that the initial power failure was caused by a railroad crane striking a power line. The second power interruption also came without warning to the Hospital and lasted from 30 to 90 seconds, until the emergency generator could be activated. The second interruption was caused when the power servicing the Hospital area was shut off by the city at its local substation in order to repair the damaged circuit. At the time of the second interruption, the maintenance supervisor was a short distance down the hallway from the emergency generator switch and immediately proceeded to cut it on. It took 10 to 15 seconds for the emergency generator to build up enough revolutions per minute to supply power for the Hospital. The emergency generator was checked frequently and started immediately when cut on.

[1, 2]　After consideration of the materials presented in support of the motions for summary judgment the trial judge correctly ruled that there was no genuine issue as to any material fact and granted summary judgment in favor of the Hospital. This case arose prior to *Rabon v. Hospital*, 269 N.C. 1, 152 S.E. 2d 485 (1967). Thus the prior *Rabon* rule of charitable immunity applies. However, we do not think that this makes any difference. There is no showing of negligence on the part of any employee of the Hospital or of the Hospital administration. The emergency generating equipment was in good repair, was superior to similar equipment maintained by other hospitals in the community, and was promptly activated when the power furnished by the City of Rocky Mount was unexpectedly cut off. The Hospital was under no duty to anticipate that the City of Rocky Mount would voluntarily terminate the supply of electric power to the Hospital with no advance warning when, minutes before, an employee of the City had informed the Hospital that such a

warning would be given. The only fact in dispute was the length of time that the power was off on the two occasions. The trial judge viewed this in the light most favorable to plaintiff and found that if the power was off for the longest period of time claimed by plaintiff, it still did not raise an inference of negligence on the part of the Hospital. The trial judge made full findings of fact supported by the evidence and those findings of fact supported the judgment which he entered.

Plaintiff, in her brief, presents the question of whether the death certificate, including the attachment thereto, would be admissible in evidence if the case is tried before a jury. This question is not properly presented by the record before us, and, in view of the decision, would be purely academic, thus we refrain from discussing it.

For the reasons stated, the order of the trial judge granting summary judgment in favor of defendant Hospital is

Affirmed.

Judges BRITT and GRAHAM concur.