BARBARA JANE JONES v. NEW HANOVER MEMORIAL HOSPITAL, Suc-
    cessor to James Walker Memorial Hospital, COLUMBUS COUNTY
    MEMORIAL HOSPITAL, WALTER L. CROUCH, and J. T. WYCHE

No. 815SC440

(Filed 2 February 1982)

Hospitals § 3.1— charitable hospital—corporate negligence—prospective applica-
    tion of decision

　　　The doctrine of corporate negligence adopted in *Bost v. Riley*, 44 N.C.
    App. 638 (1980), pursuant to which a charitable hospital may be found liable to
    a patient for violations of duties owed directly to the patient by the hospital, is
    to be applied prospectively and not retroactively. Therefore, the doctrine of
    charitable immunity barred plaintiff's claim against defendant hospital for
    alleged negligence in failing to have an established policy at the time of plain-
    tiff's birth in 1961 prohibiting the administration of oxygen exceeding 40%
    fraction of inspired air to premature newborns so that defendant's agents ad-
    ministered excessive oxygen to plaintiff following her premature birth and
    caused her to develop retrolental fibroplasia and to become totally blind.

    APPEAL by plaintiff from *Rouse, Judge.* Judgment entered 11
March 1981 in Superior Court, NEW HANOVER County. Heard in
the Court of Appeals 10 December 1981.

    Having attained majority, plaintiff, on 24 June 1980, filed this
action seeking to recover damages from the Columbus County
Memorial Hospital and the New Hanover Memorial Hospital and
from two physicians for their alleged negligence in administering
excessive oxygen to her following her premature birth in 1961.
Plaintiff was delivered prematurely at Columbus County Hospital
on 24 November 1961. Shortly thereafter, she was transferred to
James Walker Memorial Hospital (now New Hanover Memorial
Hospital) for post-natal care. As a result of the alleged negligence,
plaintiff developed retrolental fibroplasia rendering her totally
blind and ultimately requiring the surgical removal of her eyes.
The sole issue on appeal is whether the trial court erred in grant-
ing the defendant New Hanover Memorial Hospital (Hospital)
summary judgment on the basis that plaintiff's claims against the
Hospital were barred by the doctrine of charitable immunity.[1]

---

　　　1. This appeal is not interlocutory as the trial court provided in its order that
there was no just reason for delaying entry of final judgment as to the Hospital's
claim pending the disposition of other claims for relief in this case.

*Grover C. McCain, Jr. for plaintiff appellant.*

*Marshall, Williams, Gorham & Brawley, by A. Dumay Gorham, Jr., for defendant appellee New Hanover Memorial Hospital.*

BECTON, Judge.

I

The relevant allegations of negligence against the Hospital in plaintiff's Complaint are as follows:

> The defendant James Walker Memorial Hospital (now New Hanover Memorial Hospital), acting by and through its medical staff, failed and neglected to have established at the time of plaintiff's birth a policy prohibiting the administration of oxygen in concentrations exceeding 40% fraction of inspired air to premature newborns, with the direct and proximate result that agents, servants and employees of the defendant hospital administered to plaintiff, levels of oxygen in excess of 40% fraction of inspired air to the extent that she developed retrolental fibroplasia and was rendered totally blind, at a time when reasonable standards of care for such patients in hospitals required that such hospitals have in force and effect a regulation and policy forbidding the administration of oxygen in quantities exceeding a 40% fraction of inspired air to premature newborn infants since at that time it was well known that the administration of oxygen in quantities in excess of 40% fraction of inspired air produces retrolental fibroplasia in premature newborn infants, as indeed it did in plaintiff.

On 17 December 1980, the Hospital filed its motion for summary judgment with an accompanying affidavit of Z. Franklin Pridgett which specifically alleged the charitable nature of the Hospital. Plaintiff's attorney subsequently filed a counter-affidavit stating, among other things, that plaintiff did not base her claim against the Hospital on the theory of vicarious liability for the negligence of any of the Hospital's employees or servants but that plaintiff's claims were grounded solely upon a theory of corporate negligence for violations of duties owed plaintiff directly by the Hospital. Plaintiff's attorney stated that if outstanding discovery

to defendants were completed, the discovery would establish the duties owed by the Hospital to plaintiff regarding the administration of oxygen and would support his corporate negligence theory. Following the hearing on the Hospital's motion for summary judgment, the court entered an order granting the Hospital's motion for summary judgment and stating that "the plaintiff's claim against the defendant New Hanover Memorial Hospital, successor to James Walker Memorial Hospital, is barred by the doctrine of charitable immunity as a matter of law."

## II

With the factual and procedural history outlined, we now proceed with our analysis.

Prior to 20 January 1967, a charitable hospital in North Carolina was liable to a patient for injuries caused by the negligence of the hospital's employees or servants only (1) if the hospital was negligent in the hiring or retention of the employee or servant, *Williams v. Hospital*, 237 N.C. 387, 75 S.E. 2d 303 (1953); or (2) if the hospital provided defective equipment, *Payne v. Garvey*, 264 N.C. 593, 142 S.E. 2d 159 (1965). The doctrine of charitable immunity for hospitals along with its exceptions was abolished effective 20 January 1967 by the North Carolina Supreme Court's decision in *Rabon v. Hospital*, 269 N.C. 1, 152 S.E. 2d 485 (1967).

Although the term "corporate negligence" was used in *Payne* and *Rabon*, the first North Carolina decision to analyze the doctrine of corporate negligence in a medical malpractice context was *Bost v. Riley*, 44 N.C. App. 638, 262 S.E. 2d 391, *pet. for disc. review denied* 300 N.C. 194, 269 S.E. 2d 621 (1980). Under the doctrine of corporate negligence, a hospital may be held responsible for the negligence of members of its medical staff. The basis of liability is not *respondeat superior*; rather, it is the independent negligence on the part of the hospital in breaching a duty that runs directly from the hospital to the patient. As we said in *Bost*, "[t]he proposition that a hospital may be found liable to a patient under the doctrine of corporate negligence appears to have its genesis in the leading case of *Darling v. Hospital*, 33 Ill. 2d 326, 211 N.E. 2d 253 (1965), *cert. denied* 383 U.S. 946, 16 L.Ed. 2d 209, 86 S.Ct. 1204 (1966)." 44 N.C. App. at 646, 262 S.E. 2d at 396.

Because plaintiff concedes (1) that James Walker Hospital was a charitable institution at the time of the alleged tort and (2) that New Hanover Hospital, as successor to James Walker Hospital, is entitled to raise the defense of charitable immunity in this action, the issue, squarely presented, is whether, under the pre-*Rabon* decisions, North Carolina recognized a doctrine of corporate negligence in suits by patients against charitable hospitals separate and distinct from the two well-recognized exceptions to the defense of charitable immunity.

The parties have cited only one pre-*Rabon* decision—*Payne v. Garvey*, decided in 1965—involving a suit by a patient against a hospital wherein the court used the terms "corporate" or "administrative negligence." In *Payne*, as in this case, plaintiff conceded that since the hospital was a charitable institution, it was not liable under the doctrine of *respondeat superior* for injuries plaintiff received as a result of being hit in the eye by a piece of a thermometer which broke as it was being shaken by a nurse. The plaintiff in *Payne* contended that the hospital was liable on a theory of "corporate or administrative negligence" in failing to provide safe equipment, in the selection of its nurse, and in failing to give its nurse proper instructions. Significantly, the *Payne* Court nonsuited plaintiff and referred to "corporate or administrative negligence" only as a position stated in the plaintiff's brief. Equally important, the theories of liability asserted in *Payne* were traditional theories that had long been recognized as exceptions to the charitable immunity rule—that is, the hospital had a duty to provide safe equipment, and the hospital had a duty to use due care in the selection and retention of its employees.

In 1967, our Supreme Court in *Rabon* again used the term "corporate negligence." In an exhaustively detailed analysis showing which states accorded charitable hospitals full immunity, qualified immunity, or no immunity, the *Rabon* Court characterized North Carolina as one of the "[j]urisdictions in which immunity is qualified." 269 N.C. at 17-18, 152 S.E. 2d at 46. Citing *Williams v. Hospital*, the *Rabon* Court explained its characterization: "[Charitable hospitals are] liable to patients only for 'corporate negligence'." *Id.* at 18, 152 S.E. 2d at 496. Because *Williams v. Hospital* held only "that a charitable institution may not be held liable to a beneficiary of the charity for the negligence of its servants or employees if it has exercised due care in their selection

and retention," 237 N.C. at 389, 75 S.E. 2d at 304, we believe the *Rabon* Court's reference to "corporate negligence" was merely a shorthand reference to the *Williams v. Hospital* exception of non-liability of charitable hospitals to patients.

We are mindful that several post-*Rabon* cases refer to liability based upon "administrative," "managerial," or "corporate" negligence.[2] We do not believe those cases are relevant to the precise issue before us: whether, under the pre-*Rabon* cases, North Carolina recognized a doctrine of corporate negligence separate from the two well-recognized exceptions to the defense of charitable immunity. We do believe the following to be relevant, however: (1) *Bost* explicitly recognized a broader rule of corporate negligence—one dealing with the nature and extent of a hospital's direct duty to its patients—than had previously been recognized and applied in North Carolina; and (2) this broader concept of corporate negligence appears to have had its genesis in a 1965 Illinois case, *Darling v. Hospital. See* 44 N.C. App. at 646, 262 S.E. 2d at 396.

Since this doctrine of corporate negligence had its genesis in *Darling* and since this doctrine was not expressly recognized in North Carolina until 1980 in *Bost*, the doctrine should not be applied to determine the duty of New Hanover Memorial Hospital to the plaintiff in 1961. As defendant Hospital suggests, legal duties being fashioned and applied by courts to hospitals today as a result of constant changes that are taking place in the operation and management of hospitals should not be applied retroactively to the operation of a hospital twenty years ago. *Bost*, itself, supports a prospective, rather than a retroactive, application of the doctrine, for in *Bost* we recognize that the changing legal attitude regarding the nature and extent of a hospital's duty to a patient is directly related to the "changed structure of the modern hospital." 44 N.C. App. at 645, 262 S.E. 2d at 395. Moreover, a prospective application of the doctrine would be consistent with what the *Rabon* Court said when it abolished the doctrine of charitable immunity—that is, "[t]he rule of liability herein announced applies only to this case and to those causes of actions

---

2. *See Robinson v. Duszynski*, 36 N.C. App. 103, 243 S.E. 2d 148 (1978); *Starnes v. Hospital Authority*, 28 N.C. App. 418, 221 S.E. 2d 733 (1976); and *Habuda v. Rex Hospital*, 3 N.C. App. 11, 164 S.E. 2d 17 (1968).

arising after January 20, 1967, the filing date of this opinion." 269 N.C. at 21, 152 S.E. 2d at 499. This court has consistently followed the principle in *Rabon* that the defense of charitable immunity is available in an action arising before January 20, 1967, notwithstanding the fact that the action is not commenced until after January 20, 1967. *See Darsie v. Duke University,* 48 N.C. App. 20, 268 S.E. 2d 554 (1980), *pet. for disc. review denied* 301 N.C. 400, 273 S.E. 2d 445 (1980); *Williams v. Lewis,* 11 N.C. App. 306, 181 S.E. 2d 234, *cert. denied* 279 N.C. 351, 182 S.E. 2d 584 (1971); *McEachern v. Miller,* 6 N.C. App. 42, 169 S.E. 2d 253 (1969); *Helms v. Williams,* 4 N.C. App. 391, 166 S.E. 2d 852 (1969); and *Habuda v. Rex Hospital,* 3 N.C. App. 11, 164 S.E. 2d 17 (1968).

We conclude as defendant Hospital concluded in its brief: (1) Plaintiff's claim against the Hospital is barred by the doctrine of charitable immunity as the same was recognized and applied in North Carolina in 1961; (2) to the extent a doctrine of corporate negligence was recognized in North Carolina prior to the *Rabon* decision, it was limited to the two exceptions to the charitable immunity doctrine which made a charitable hospital liable to a patient only (a) if the hospital was negligent in the selection and retention of an agent, servant or employee who injured the patient, or (b) if the hospital supplied defective equipment for the care and treatment of the patient; and (3) the doctrine of corporate negligence, first set forth in *Darling v. Hospital* and adopted by this Court in *Bost,* is different in principle and in application from the limited doctrine of corporate negligence recognized in *Rabon,* and it should be applied prospectively, not retroactively.

The judgment below is

Affirmed.

Judge CLARK and Judge WHICHARD concur.