DAVIE JEAN BLANTON v. MOSES H. CONE MEMORIAL HOSPITAL, INC.

No. 8518SC339

(Filed 17 December 1985)

**Hospitals § 3— corporate negligence—prospective application of doctrine**

Pursuant to *Jones v. New Hanover Hospital*, 55 N.C. App. 545, the doctrine of corporate negligence is to be applied prospectively to causes of action arising after 20 January 1967, the date charitable immunity was abolished, rather than from 5 February 1980, the filing date of *Bost v. Riley*, 44 N.C. App. 638.

APPEAL by plaintiff from *Davis, James C., Judge*. Order entered 8 January 1985 in Superior Court, GUILFORD County. Heard in the Court of Appeals 22 October 1985.

Plaintiff Davie Jean Blanton instituted this civil action seeking damages from defendant Moses H. Cone Memorial Hospital. Plaintiff's complaint contained the following allegations: From 12 September 1978 through 17 November 1978, Dr. Helen M. Stinson negligently performed a series of three surgical operations on plaintiff at defendant hospital as part of a subcutaneous mastectomy. The hospital negligently permitted Dr. Stinson to perform the surgeries and to use its facilities when its agents knew or should have known that Dr. Stinson was not medically qualified to perform such surgery. In particular the hospital was "corporately negligent" in (1) failing to enforce the standards of the Joint Commission on Accreditation of Hospitals relating to the quality of patient care, (2) granting clinical privileges to Dr. Stinson to perform surgery for which she was not qualified, (3) failing to ascertain that Dr. Stinson was amply qualified by training to perform a subcutaneous mastectomy, (4) failing to monitor and oversee the treatment and care of plaintiff by Dr. Stinson on its premises, (5) permitting its employees to follow instructions of Dr. Stinson which were dangerous and contrary to the welfare of plaintiff, (6) permitting an unqualified practitioner to perform a mastectomy utilizing its premises and facilities without requiring that she be supervised or assisted by a properly qualified member of its medical staff, and (7) permitting Dr. Stinson to perform an operation on its premises that was not medically indicated. As a result of the hospital's negligence, plaintiff suffered severe permanent injuries. Plaintiff seeks damages for pain, suffering, and permanent injury.

Prior to trial, defendant hospital moved to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The trial court granted the motion to dismiss.

From the order entered by the trial court, plaintiff appeals to this Court.

*Clark & Wharton, by David M. Clark and John R. Erwin, for plaintiff appellant.*

*Henson, Henson & Bayliss, by Perry C. Henson and Jack B. Bayliss, Jr., for defendant appellee.*

*The North Carolina Academy of Trial Lawyers, by James B. Maxwell, as amicus curiae.*

ARNOLD, Judge.

The trial court granted the 12(b)(6) motion on the ground that *Jones v. New Hanover Hospital*, 55 N.C. App. 545, 286 S.E. 2d 374, *disc. rev. denied*, 305 N.C. 586, 292 S.E. 2d 570 (1982), barred all claims of corporate negligence arising before 5 February 1980, the filing date of the decision in *Bost v. Riley*, 44 N.C. App. 638, 262 S.E. 2d 391, *disc. rev. denied*, 300 N.C. 194, 269 S.E. 2d 621 (1980). Plaintiff contends that the trial court misconstrued the meaning of *Jones* and improperly dismissed her cause of action. We agree.

In *Bost* this Court *expressly* recognized for the first time the doctrine of "corporate negligence," which involves the violation of a duty owed directly by the hospital to the patient, as a basis for liability apart and distinct from *respondeat superior*. The *Bost* opinion clearly stated, however, that the doctrine of corporate negligence had been *implicitly* accepted and applied in a number of previous decisions. Despite this wording in *Bost*, defendant maintains the court below was correct in concluding that *Jones* limits the liability for corporate negligence to causes of action arising after 5 February 1980, the filing date of *Bost*.

In *Jones*, the plaintiff sought to hold the defendant hospital liable under a theory of corporate negligence for acts occurring in 1961.

> Prior to 20 January 1967, a charitable hospital in North Carolina was liable to a patient for injuries caused by the negligence of the hospital's employees or servants only (1) if the hospital was negligent in the hiring or retention of the employee or servant or (2) if the hospital provided defective equipment. The doctrine of charitable immunity for hospitals along with its exceptions was abolished effective 20 January 1967 by the North Carolina Supreme Court's decision in *Rabon v. Hospital*, 269 N.C. 1, 152 S.E. 2d 485 (1967). (Citations omitted.)

55 N.C. App. at 547, 286 S.E. 2d at 376.

The plaintiff in *Jones* conceded that defendant hospital was entitled to raise the defense of charitable immunity in that action. The issue therefore presented in *Jones* was

whether, under the *pre-Rabon decisions,* North Carolina recognized a doctrine of corporate negligence in suits by patients against charitable hospitals separate and distinct from the two well-recognized exceptions to the defense of charitable immunity. (Emphasis added.)

*Id.* at 548, 286 S.E. 2d at 376. The *Jones* court was thus concerned with applying the corporate negligence doctrine expressly recognized in *Bost* to a cause of action arising in 1961, a time when defendant hospital was protected by the doctrine of charitable immunity.

It was within this context that the *Jones* court made the following statement concerning corporate negligence and the *Bost* decision:

We conclude as defendant Hospital concluded in its brief: . . . (3) the doctrine of corporate negligence, . . . adopted by this Court in *Bost,* is different in principle and in application from the limited doctrine of corporate negligence recognized in *Rabon,* and it should be applied prospectively, not retroactively.

*Id.* at 550, 286 S.E. 2d at 378.

The issue in the present case thus becomes: what did the *Jones* court intend when it stated that corporate negligence was to be applied "prospectively"? Put another way, corporate negligence is to be applied prospectively from what date? There are two possibilities: either 20 January 1967, the filing date of the *Rabon* decision or 5 February 1980, the filing date of the *Bost* decision. We interpret *Jones* to mean that corporate negligence is to be applied prospectively to causes of action arising after 20 January 1967, the date charitable immunity was abolished. We reach this decision based upon the following rationale.

First, *Bost* itself does not limit the application of the doctrine of corporate negligence to causes of action arising after 5 February 1980. In fact *Bost* acknowledges that the doctrine had been implicitly accepted and applied in a number of previous decisions.

Second, we find it significant that the date of the *Bost* decision is never mentioned in *Jones*—especially since the only date indicated as a benchmark of liability is 20 January 1967, the date of *Rabon.* We are confident that had the *Jones* court intended cor-

porate negligence to be applied prospectively from the *Bost* filing date, the court would have plainly stated its intention in clear and unambiguous language.

Finally, a holding that the *Jones* court intended to apply the doctrine of corporate negligence only to causes of action arising subsequent to *Bost* would, in effect, resurrect until 1980 the doctrine of charitable immunity. Such a ruling would provide an anomalous result.

We further note that the precise issue before the *Jones* court was "whether, under the *pre-Rabon cases*, North Carolina recognized a doctrine of corporate negligence separate from the two well-recognized exceptions to the defense of charitable immunity." (Emphasis added.) 55 N.C. App. at 549, 286 S.E. 2d at 377. Given the issue addressed, even if the *Jones* court did intend to state that the application of corporate negligence is limited to causes of action arising subsequent to the *Bost* decision, any such discussion of the application of the doctrine other than *prior* to 20 January 1967 is extraneous to the issue in that case and is therefore mere dictum not binding upon this Court in the case at bar.

For the foregoing reasons, we hold that *Jones v. New Hanover Hospital*, 55 N.C. App. 545, 286 S.E. 2d 374, *disc. rev. denied*, 305 N.C. 586, 292 S.E. 2d 570 (1982), does not limit the doctrine of corporate negligence to a prospective application from 5 February 1980, the filing date of *Bost v. Riley*, 44 N.C. App. 638, 262 S.E. 2d 391, *disc. rev. denied*, 300 N.C. 194, 269 S.E. 2d 621 (1980). We further hold that plaintiff's complaint sufficiently establishes a cause of action for which relief can be granted under the doctrine of corporate negligence. We therefore reverse the lower court's order of dismissal pursuant to Rule 12(b)(6) and remand the case for proceedings consistent with this opinion.

Reversed and remanded.

Judges WELLS and MARTIN concur.