ASKEW'S, INC., A CORPORATION, PLAINTIFF v. LEROY T. CHERRY AND BUILDING ENTERPRISES, INC., DEFENDANTS AND THIRD PARTY PLAINTIFFS, AND RED CARPET INN OF NEW BERN, INC., THIRD PARTY DEFENDANTS

No. 713DC140

(Filed 26 May 1971)

1. Rules of Civil Procedure § 56— summary judgment

If a party moving for summary judgment presents, by affidavits or otherwise, materials which would require a directed verdict in his favor if presented at trial, he is entitled to summary judgment unless the opposing party either shows that affidavits are then unavailable to him or comes forward with some materials, by affidavit or otherwise, that show there is a triable issue of material fact.

---

Askew's, Inc. v. Cherry

---

2. **Contracts § 12— unambiguous contract**

Where the language of a contract is plain and unambiguous, the construction is a matter of law for the courts.

3. **Compromise and Settlement § 1— settlement agreement — summary judgment**

Summary judgment was properly entered against a construction company in its third party action seeking to recover over against a motel corporation any amount obtained by a material supplier in its action against the construction company, where a settlement agreement entered into by the motel corporation and the construction company clearly shows that, in consideration of an agreement by the construction company to withdraw from a motel construction project and to release the motel corporation of all claims arising out of the project, the motel corporation agreed to pay the construction company its audited cost on the project, plus 5% thereof, less amounts already paid under the construction contract, the answer and affidavit introduced by the motel corporation show it has complied with the settlement agreement, there was no promise in the agreement that the amount to be paid, when determined by audit, would equal the amount the construction company owed its creditors, and the construction company has come forward with nothing to show that the audit was inaccurate and has not denied that it received the amount which the audit reflected it was owed under the agreement.

APPEAL by third party plaintiffs Leroy T. Cherry and Building Enterprises, Inc., from *Roberts, District Judge,* 14 October 1970 Session of CRAVEN County District Court.

Plaintiff, Askew's, Inc. (Askew), filed complaint 3 June 1970 seeking recovery of $914.73 allegedly owed on open account by Building Enterprises, Inc. (Building) and its President, Leroy T. Cherry (Cherry). Building and Cherry answered, denied any indebtedness, and alleged accord and satisfaction as an affirmative defense. They also filed a third party action against Red Carpet Inn of New Bern, Inc. (Red Carpet) seeking to recover over against Red Carpet any amount obtained by Askew in its action. The third party complaint alleged in part:

"That Red Carpet and third party plaintiffs, hereinafter referred to as 'Cherry,' entered into an agreement relating to the construction of a certain building in the City of New Bern, Craven County, North Carolina, and, as a result thereof, certain indebtedness was created by various material suppliers, including the original plaintiff in this cause. That Red Carpet and Cherry terminated their relationship and Red Carpet agreed to pay all indebtedness due said material suppliers, including said plaintiff."

Red Carpet filed answer and pleaded a "settlement agreement" executed 2 September 1969 by Red Carpet, Building, Cherry and certain individuals as a bar to the third party claim. The agreement establishes the following: Cherry and other individual parties to the agreement were investors in a project for the construction of a motel. In order to obtain financing, a corporation (Red Carpet) was formed, and Red Carpet contracted with Building for the construction of the motel. A dispute arose among the parties with respect to the continued participation of Leroy T. Cherry in the project and the continued construction of the motel by Building.

Under the agreement, the parties undertook to settle their differences by agreeing: (1) Cherry would surrender his stock in Red Carpet and all of his interest in the motel project. (2) Building would terminate construction on the motel and withdraw from the building site. (3) Red Carpet would pay Cherry the sum of $500. (4) Red Carpet would pay Building an amount to be determined by audit, which amount would equal the gross cost which Building had incurred on the motel project through 28 August 1969, plus 5% of the audited gross costs, and less amounts previously paid under the construction contract. Checks in payment were to be made payable to Building and "those parties listed on Exhibit B as are shown by the Audit to be entitled to payment. . . ." Any balance due was to be paid by check to Building. The agreement also provided:

"8. Leroy T. Cherry by the execution of this Agreement does hereby release and forever discharge Red Carpet . . . from any and all actions, causes of action, claims and demands which have accrued prior to the date of this Agreement, whether now known or not, against any one or more of the said persons, individually or in any fiduciary capacity, jointly or severally.

9. Building, by execution of this Agreement by its President, Leroy T. Cherry, does hereby release and forever discharge Red Carpet . . . from any and all actions, causes of action, claims and demands which have accrued prior to the date of this Agreement, whether now known or not, against said parties jointly or severally, as individuals or as fiduciaries."

Red Carpet's verified answer alleged that an audit was performed in accordance with the settlement agreement; that

$69,361.30 was determined due and payable by Building to sub-contractors on the project, and that $61,988.78 was determined as the amount owed by Red Carpet to Building under the terms of the settlement agreement. Further, that a check payable to Askew and Building, in the amount of $7,301.69 was issued to the joint payees and endorsed by both and that the check bears the legend: "This check is in full settlement of account as shown herewith, acceptance by endorsement constitutes receipt in full."

Red Carpet moved for summary judgment and offered in support of its motion its verified answer and an affidavit of Henry C. Lomax, attorney. The affidavit states that: Cherry has been paid the $500 owed him under the settlement agreement; an audit was conducted in accordance with the agreement and forwarded to Cherry; on 7 October 1969, checks totaling $61,988.78, the amount due Building under the audit, were sent to Building; the checks were made payable to Building and various creditors on a pro rata basis of the amount due Building; the claims asserted by Askew accrued prior to the date of the settlement agreement.

Building and Cherry made no denial of the facts contained in Red Carpet's answer and affidavit, but alleged in an affidavit by Cherry that the settlement agreement required Red Carpet to pay all debts of Building incidental to the motel project.

The trial court found that "there is no genuine issue as to any material fact" and allowed Red Carpet's motion for summary judgment. Building and Cherry appealed.

*Wheatly & Mason by C. R. Wheatly, Jr., for third party plaintiff appellants.*

*Ward, Tucker, Ward & Smith by David L. Ward, Jr., for third party defendant appellee.*

GRAHAM, Judge.

[1] If a party moving for summary judgment presents, by affidavits or otherwise, materials which would require a directed verdict in his favor, if presented at trial, then he is entitled to summary judgment unless the opposing party either shows that affidavits are then unavailable to him, or he comes forward with some materials, by affidavit or otherwise, that show there is a triable issue of material fact. *Pridgen v. Hughes,* 9 N.C.

App. 635, 177 S.E. 2d 425; 6 Moore's Federal Practice 2d, § 56.11(3), p. 2171.

The answer and affidavit introduced by Red Carpet show that it has complied with the settlement agreement wherein it was released of all claims arising out of the motel project by Cherry and Building. The only attempted showing to the contrary by appellants was the affidavit in which Cherry contended that the settlement agreement required Red Carpet to pay all debts incurred by Building in connection with the motel project.

[2] Where the language of a contract is plain and unambiguous the construction is a matter of law for the courts. 2 Strong, N. C. Index 2d, Contracts, § 12, p. 311.

[3] The settlement agreement in question is clear and unambiguous. Under the agreement, Building was to be paid an amount equal to its audited cost on the project, plus 5% thereof, and less amounts already paid under the construction contract. In agreeing that payment was to be made by issuing and delivering checks payable to Building and its creditors, the parties were simply undertaking to protect Building's creditors to the extent of the money owed Building by Red Carpet. The method of payment had nothing to do with the amount owed.

We find no promise in the agreement that the amount owed by Red Carpet to Building, when determined by an audit, would equal the amount of Building's obligation to its creditors. Building and Cherry have come forward with nothing to show that the audit was inaccurate. Furthermore, they do not deny that they have received payments which the audit reflected were owed them under the agreement. We therefore find, as did the trial judge, that there is no genuine issue as to any material fact in this case.

Affirmed.

Judges CAMPBELL and BRITT concur.