RONALD ROBINSON, ADMINISTRATOR OF THE ESTATE OF DORIS V. ROBINSON v. DR. ARNOLD DUSZYNSKI, SEA LEVEL HOSPITAL, DUKE UNIVERSITY MEDICAL CENTER AND DUKE UNIVERSITY, INC.

No. 773SC455

(Filed 18 April 1978)

1. Damages § 11.1— punitive damages—when appropriate

Generally, punitive damages are recoverable where the tortious conduct which causes the injury is accompanied by an element of aggravation, as when the wrong is done wilfully or under circumstances of rudeness or oppression,

or in a manner evincing a wanton and reckless disregard of the plaintiff's rights.

2. **Death § 3.5; Physicians, Surgeons and Allied Professions § 16.1 — wrongful death action against physician — summary judgment improper**

In an action to recover actual and punitive damages from defendant doctor for the alleged wrongful death of plaintiff's intestate, the trial court erred in granting summary judgment for defendant on the issue of punitive damages where plaintiff's allegations, affidavits and depositions tended to show that defendant wilfully and negligently prescribed drugs for plaintiff's intestate without first performing blood analysis and without warning intestate or her nurses of the dangers and possible effects of the drugs; defendant had a general reputation of misprescribing medications to his patients; defendant wilfully and wantonly failed to respond for seven hours to the emergency situation created by intestate's bleeding which resulted from the medication prescribed by defendant; and defendant's affidavit and deposition filed in support of his motion for summary judgment tended mainly to conflict with plaintiff's evidence relative to the apparent seriousness of the intestate's condition and defendant's knowledge thereof immediately prior to her death.

3. **Death § 3.5; Hospitals § 3.3 — wrongful death action against hospital — summary judgment proper**

In an action to recover actual and punitive damages for the alleged wrongful death of plaintiff's intestate, the trial court properly allowed defendant Duke Hospital's motion for summary judgment, since plaintiff alleged that Duke was grossly negligent in failing adequately to investigate the credentials of the individual defendant before allowing him to join the staff of the hospital but defendant Duke's evidence effectively pierced this allegation so as to reveal the lack of any genuine factual controversy thereon.

APPEAL by plaintiff from *Peel, Judge.* Judgment entered 16 February 1977 in Superior Court, CARTERET County. Heard in the Court of Appeals 7 March 1978.

Plaintiff, administrator, instituted this civil action to recover actual and punitive damages from defendants Dr. Duszynski and Duke University for the alleged wrongful death of the intestate, Doris V. Robinson.

Plaintiff's complaint contained allegations summarized as follows: Duke University Medical Center, a division of Duke University, owns and operates Sea Level Hospital in Carteret County. On 12 January 1976, the intestate was admitted to said hospital, under the care and supervision of Dr. Duszynski, for the treatment of arthritis. Early in the morning of 7 February 1976, the intestate displayed symptoms of internal bleeding and her condition rapidly worsened. Dr. Duszynski, who was also the

emergency room physician at this time, was notified twice of this situation but did not arrive at the hospital until approximately 9:30 a.m., some seven hours after his first notification. By this time, intestate's condition had become so critical that she was transferred to Craven County Hospital where she died after emergency surgery.

As the basis for his claim for relief, plaintiff alleged that Dr. Duszynski did wilfully and with gross negligence misprescribe and improperly supervise the administration of certain drugs—including Tandearil, Prednisone, and Celestone—thereby inducing the hemorrhaging of the intestate's ulcers and causing her death. Additionally, it is alleged that Dr. Duszynski did wilfully and wantonly, for at least seven hours, fail to respond to the emergency situation created by the intestate's internal bleeding. As to defendant Duke University, plaintiff first alleged that Duke was derivatively liable under the doctrine of *respondeat superior* for the aforementioned conduct of Dr. Duszynski. In addition, plaintiff alleged that Duke was grossly negligent in the selection and employment of Dr. Duszynski in that Duke failed adequately to investigate the background, training, skills and reputation of Dr. Duszynski.

Defendants duly filed answers denying any negligence or other basis for liability.

Discovery proceedings, including interrogatories and depositions, were initiated by all parties. Subsequent thereto, defendants filed motions for summary judgment, each seeking dismissal of plaintiff's claim for punitive damages. In addition, defendant Duke's motion for summary judgment sought dismissal of plaintiff's claim based on Duke's liability under the doctrine of *respondeat superior*. The trial court allowed both motions and entered judgment in accordance with the relief requested therein. Plaintiff appealed.

*McNeill, Graham, Coyne & Kirkman, by Kenneth M. Kirkman for the plaintiff.*

*Wheatly, Mason, Wheatly & Davis, by Warren J. Davis, and Smith, Anderson, Blount & Mitchell, by James D. Blount, Jr., for defendant Dr. Arnold J. Duszynski; Newsom, Graham, Strayhorn, Hedrick, Murray, Bryson & Kennon, by E. C. Bryson, Jr., for defendant Duke University.*

MARTIN, Judge.

The sole question before this Court is whether the trial court erred in granting summary judgment dismissing plaintiff's claim for punitive damages against the respective defendants.

Under the provisions of Rule 56 of the North Carolina Rules of Civil Procedure, the party moving for summary judgment has the burden of clearly establishing that there is no genuine issue as to any material fact and that as a result, he is entitled to a judgment as a matter of law. *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972). In previewing the pleadings, affidavits and other papers which constitute the record before the court on the motion for summary judgment, the court should carefully scrutinize the materials filed by the moving party, while indulgently regarding those filed by the opposing party. 6 Moore's Federal Practice, § 56.15[8] (2d ed. 1976); *accord, Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972).

[1] Our courts have generally held that punitive damages are recoverable where the tortious conduct which causes the injury is accompanied by an element of aggravation, as when the wrong is done wilfully or under circumstances of rudeness or oppression, or in a manner evincing a wanton and reckless disregard of the plaintiff's rights. *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976). In cases where plaintiff's action was grounded on negligence, our courts have referred to *gross* negligence as the basis for recovery of punitive damages, using that term in the sense of wanton conduct. *Hinson v. Dawson*, 244 N.C. 23, 92 S.E. 2d 393 (1956). In *Hinson*, the Court explained that "[c]onduct is wanton when in conscious and intentional disregard of and indifference to the rights and safety of others."

[2] In light of these principles, we must first determine whether defendant Dr. Duszynski carried his burden of proof so as to entitle him to summary judgment on the issue of punitive damages.

Pertinent to this issue, plaintiff made allegations summarized as follows:

(1) Dr. Duszynski did wilfully and with gross negligence prescribe certain drugs—including Tandearil, Prednisone and Celestone—dangerous to the health of the intestate because of

their tendency to induce the hemorrhaging of ulcers and retard blood clotting.

(2) Dr. Duszynski was grossly negligent in his supervision of the administration of these drugs to the intestate in that he did not perform sufficient blood analysis prior to prescribing said drugs; he did not perform or cause to be performed any blood analysis during the administration of the drugs despite his awareness of the intestate's vaginal bleeding; he did not warn the intestate or her attending nurses of the dangers and possible effects of the drugs; and he failed to adhere to the warnings and recommendations published by the manufacturers of the drugs.

(3) Dr. Duszynski did wilfully and wantonly, in complete disregard of the intestate's health, fail to respond for some seven hours to the emergency situation created by the intestate's bleeding.

In support of these allegations, and in opposition to defendants' respective motions, plaintiff submitted the affidavits of two doctors who worked closely with Dr. Duszynski on the staff of Sea Level Hospital and a summary of relevant portions of other depositions. These affidavits established that several doctors at Sea Level Hospital had expressed concern over Dr. Duszynski's improper and unusual drug prescriptions and that in the local medical community, Dr. Duszynski had a general reputation of misprescribing medications to his patients.

The evidence contained in the summary of other depositions tended to show that Dr. Duszynski was notified sometime shortly after 1:30 a.m. on 7 February 1976 that the intestate's blood pressure was low and her pulse very weak, that her stool contained fresh blood and that there was a small amount of blood on the bed on her pillow and under her buttocks. She had been already placed in shock position and had been put on nasal oxygen because she appeared "shocky." Ann Styron, a registered nurse, went on duty about 8:00 a.m. on 7 February and became alarmed at the intestate's condition. Shortly thereafter, she called Dr. Duszynski and informed him of the intestate's condition. After attempting, without success, to find the proper blood type for a transfusion, Styron again called Dr. Duszynski around 8:45 a.m. When it finally became apparent that the intestate should be transferred to another hospital, Styron again called Dr. Duszyn-

ski. Dr. Duszynski arrived at the intestate's hospital room between 9:00 a.m. and 9:45 a.m. In the opinion of Dr. Rick Moore, an expert in hematology and internal medicine, the drugs given the intestate were improperly administered by Dr. Duszynski, with respect to the manner in which they were combined and the duration of dosage. It is his belief that these drugs, because of their ulceragenic characteristics, in fact caused the intestate's death.

The affidavits and deposition summaries filed by defendant Dr. Duszynski in support of his motion for summary judgment tended mainly to conflict with plaintiff's evidence relative to the apparent seriousness of the intestate's condition and Dr. Duszynski's knowledge thereof during the early morning hours of 7 February 1976. In view of the strong factual showing made by plaintiff's opposing materials, we find the evidence offered by defendant Dr. Duszynski inconsequential on the issue at hand. His factual showing does not reveal that plaintiff is wholly unable to sustain his allegations with proof. *See Nasco Equipment Co. v. Mason*, 291 N.C. 145, 229 S.E. 2d 278 (1976).

Thus, we conclude that defendant Dr. Duszynski has failed to carry his burden of establishing that plaintiff cannot prove entitlement to punitive damages. The trial court erred in granting summary judgment for defendant Dr. Duszynski dismissing the plaintiff's claim for punitive damages.

[3] Turning to defendant Duke University's motion for summary judgment and applying the same principles discussed above, we find that the motion was properly allowed. Although plaintiff's complaint alleged that Duke was grossly negligent in failing adequately to investigate Dr. Duszynski's credentials before allowing him to join the staff at Sea Level Hospital, defendant Duke's evidence effectively pierced this allegation so as to reveal the lack of any genuine factual controversy thereon. Duke's evidence showed that it retained a reputable agency, the Corson Group, to locate a qualified physician to practice in Sea Level. That agency's investigation revealed that Dr. Duszynski was of good moral character and a very competent practicing physician in New York State. Duke's evidence further showed that Dr. Stuart Sessoms, Director of Duke Hospital, received an informal complaint regarding Dr. Duszynski's competency and upon contacting the State Board of Medical Examiners, determined that Dr.

Duszynski's file was complete and satisfactory. Plaintiff's factual showing merely reiterates the instances in which complaints were made regarding Dr. Duszynski's drug prescription practices. From this preview of the proof, we agree with the trial court that it affirmatively appears that plaintiff cannot prove entitlement to punitive damages against defendant Duke University.

Accordingly, the order granting summary judgment for defendant Dr. Duszynski is reversed. We find no error in the order granting summary judgment for defendant Duke University.

Reversed in part.

Affirmed in part.

Judges MORRIS and ARNOLD concur.