260 S.E.2d 435 (1979)
44 N.C. App. 116
Frances BRIGHAM
v.
J. Robinson HICKS, the Nalle Clinic Company, and the Charlotte-Mecklenburg Hospital Authority.
No. 7826SC993.
Court of Appeals of North Carolina.
December 4, 1979.
*437 Paul L. Whitfield and Rodney W. Seaford, Charlotte, for plaintiff-appellant.
Golding, Crews, Meekins, Gordon & Gray by John G. Golding and Harvey L. Cosper, Jr., Charlotte, for defendants-appellees.
WEBB, Judge.
We discuss first the plaintiff's claim that defendant assaulted her by performing a Craig needle biopsy on her without her informed consent. We note at the outset that G.S. 90-21.3 has no application in this case. It was ratified 12 May 1976 and does not apply to litigation pending at that time. The courts in this state have recognized that there may be an action for assault if a physician performs a surgical procedure on a person without properly informing that person of the risks involved so that an informed consent may be given. See Watson v. Clutts, 262 N.C. 153, 136 S.E.2d 617 (1964); Starnes v. Taylor, 272 N.C. 386, 258 S.E.2d 339 (1968), and Butler v. Berkeley, 25 N.C.App. 325, 213 S.E.2d 571 (1975). The cases say that if there is some danger peculiar to the procedure of which the patient is not aware, it is the physician's duty to warn the patient of this danger. It has also been said that if the likelihood of an adverse result is relatively slight, much must be left to the discretion of the physician or surgeon in determining what he should tell his patient as to adverse consequences. Dr. Hicks, in this case, did not tell the plaintiff that one of the risks of the procedure was that she could become tense enough to cause her blood pressure to drop with the consequences that followed. Plaintiff contends failure to inform her of this makes it a jury question as to whether the procedure was performed with her informed consent. We hold that on the evidence of this case, the complications which resulted were not so likely or peculiar to the procedure that it was not within Dr. Hick's discretion to determine whether he should warn his patient of them. The consequences of not performing the procedure could have been serious. We cannot hold the physician violated his duty to inform by not warning the patient of the possibility that she could become upset to a point which would cause her blood pressure to fall to a dangerous level.
The briefs raise a question as to whether this Court should adopt a rule requiring expert testimony to establish the extent of a physician's duty to inform patients of the risks of proposed treatment. See 52 A.L. R.3d 1084 (1973) as to how other jurisdictions *438 have dealt with this problem. In light of the ground upon which this opinion is based, we do not pass on this question.
The superior court properly granted summary judgment against plaintiff on her claim for assault.
Plaintiff's second claim is based on the negligence of Dr. Hicks in performing the Craig needle biopsy. To establish liability upon the surgeon or physician in malpractice cases, there must be proof of actionable negligence by the defendant which was the proximate cause of the plaintiff's injury. Starnes v. Taylor, supra. The plaintiff contends there was evidence of negligence in that Dr. Hicks started the procedure before he had a satisfactory image on the image intensifier. She contends this violated the standard of care as testified to by Dr. Hicks who said it was his responsibility not to proceed until he had a satisfactory image. There is a conflict as to whether Dr. Hicks began the procedure before the image was satisfactory. It can be inferred from the affidavit of Janice E. Rusmisell and in the deposition of the plaintiff that he did so. Dr. Hicks testified he did not. For purposes of this appeal we have to believe the plaintiff's evidence. Assuming that Dr. Hicks did start the procedure before he had the proper image and was negligent in doing so, the plaintiff must show this negligence was a proximate cause of her injury. We hold that on the evidence in this record, the plaintiff has not done so. Dr. Hicks and Dr. Daugherty testified without contradiction that the cause of the plaintiff's injury was not a severed vessel or organ, but the plaintiff's fear. On this evidence, a jury could not reasonably conclude that plaintiff's injury was proximately caused by the insertion of the needle before the image was clear. If this evidence had been presented to a jury, all defendants would have been entitled to directed verdicts in their favor. Defendants' motions for summary judgment were properly allowed. Moore v. Fieldcrest Mills, 296 N.C. 467, 251 S.E.2d 419 (1979).
Affirmed.
ROBERT M. MARTIN, J., concurs.
MITCHELL, J., concurs in the result.