ALFRED W. COX v. CHESTER C. HAWORTH, JR., M.D., AND HIGH POINT
MEMORIAL HOSPITAL, INC.

AVIS HELEN COX v. CHESTER C. HAWORTH, JR., M.D., AND HIGH POINT
MEMORIAL HOSPITAL, INC.

No. 8118SC192

(Filed 20 October 1981)

1. Hospitals § 3.3— respondeat superior—failure to prove physician agent of
hospital

   Where a hospital denied that defendant physician was an employee of the
   hospital and supported the denial with affidavits tending to prove the physi-
   cian was not an employee of the hospital, the hospital was entitled to summary
   judgment on the issue of liability based upon *respondeat superior* because
   plaintiffs merely rested upon the allegations in their pleadings without offer-
   ing competent evidence to show the physician was an agent of the hospital.

2. Hospitals § 3.3— corporate negligence—no duty of hospital to inform patient of
risks of procedure

   Any liability imputed to a hospital under the theory of corporate
   negligence would have to flow from acts or omissions which were a part of the
   function it performed in the procedure plaintiff underwent. The doctrine does
   not impose a duty upon a hospital to properly inform and advise a patient of
   the nature of a medical procedure to be performed on him when the patient is
   admitted to the hospital for an operation under the care of his privately retain-
   ed physician.

APPEALS by plaintiffs from *Collier, Judge.* Judgment entered
13 January 1981 in Superior Court, GUILFORD County. Heard in
the Court of Appeals 23 September 1981.

Plaintiff Alfred Cox appeals from summary judgment
granted to defendant High Point Memorial Hospital (Hospital) in
his medical malpractice case (80CVS3503). Mr. Cox was admitted
to the Hospital so that Dr. Chester C. Haworth, Jr., his privately
retained physician, could perform a medical procedure known as a
myelogram on him. During the myelogram, Dr. Haworth was
assisted by Hospital personnel, he used Hospital facilities and he
administered drugs to Mr. Cox which were provided to him by
the Hospital upon his request. Mr. Cox alleges that because Dr.
Haworth failed to remove all of the pantopaque dye that had been
injected into his spinal canal during the myelogram, he suffered
severe and incapacitating pain and spinal cord arachroiditis (scar-

ring of the spinal cord).[1] Mr. Cox contends that the Hospital is liable to him for the injuries he sustained under the theories of *respondeat superior*, corporate negligence, and battery.

In 80CVS5049, plaintiff Avis Helen Cox, the wife of Alfred Cox, sued the Hospital on the same theories as did her husband, but alleged damages due to the "loss of her husband's general companionship and conjugal society. . . ."

The issues in these two cases on appeal are the same. We, therefore, treat the two cases as one.

*Barefoot & White, by Spencer W. White, for plaintiff appellants.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by G. Marlin Evans, for defendant appellee.*

BECTON, Judge.

The Coxes argue that the trial court improperly granted summary judgment to the Hospital because (1) Dr. Haworth, their privately retained physician, was an agent of the Hospital; and (2) the Hospital was liable to them under both corporate negligence and battery theories since the Hospital was under a duty to, but never did, obtain Mr. Cox's informed consent before Dr. Hawroth performed the myelogram. We reject these arguments.

We note initially that on a motion for summary judgment the moving party has the burden of proving that there are no issues of material fact; all "papers" will be viewed in a light most favorable to the non-movant. *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974); G.S. 1A-1, Rule 56(c).

> If a party moving for summary judgment presents, by affidavits or otherwise, materials which would require a directed verdict in his favor, if presented at trial, then he is entitled to summary judgment unless the opposing party either shows that affidavits are then unavailable to him, or he comes forward with some materials, by affidavits or otherwise, that show there is a triable issue of material fact.

---

1. "[X]-rays reveal scar tissue on the lower seven or eight inches of plaintiff's spinal cord. . . ." Complaint, page 7.

*Askew's, Inc. v. Cherry,* 11 N.C. App. 369, 372, 181 S.E. 2d 201, 203 (1971) (citations omitted).

I

[1]  We address the *respondeat superior* issue first. The Coxes alleged in their Complaints that Dr. Haworth was an employee of the Hospital engaged in the regular scope of his employment during the time he performed the myelogram. The Hospital not only denied that allegation in its Answer, but also filed affidavits showing that Dr. Haworth was not an employee of the Hospital at the time the myelogram was performed. The Coxes did not respond to the Hospital's affidavits with counter affidavits or other proof as required by our Rules of Civil Procedure. G.S. 1A-1, Rule 56(e).

Rule 56(e) provides for the filing of "[s]upporting and opposing affidavits" in summary judgment proceedings and states, in relevant part, that:

> The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

G.S. 1A-1, Rule 56(e). *See Pitts v. Pizza, Inc.*, 296 N.C. 81, 249 S.E. 2d 375 (1978).

The Hospital, having filed affidavits to support its motion for summary judgment, was entitled to summary judgment on the issue of liability based on *respondeat superior* because the Coxes did not offer competent evidence to show that Dr. Haworth was an agent of the Hospital. They chose instead to "rest upon the mere allegations" in their pleadings. This, they are not allowed to do.

II

[2]  We also find that the Hospital was entitled to summary judgment on the issue of corporate negligence. Under the doctrine of

corporate negligence, a hospital is liable for acts which constitute a breach of a duty owed directly to a patient. *Bost v. Riley*, 44 N.C. App. 638, 645, 262 S.E. 2d 391, 395, *disc. rev. denied* 300 N.C. 194, 269 S.E. 2d 621 (1980). We are urged to extend the doctrine to impose a duty upon a hospital to properly inform and advise a patient of the nature of a medical procedure to be performed on him when the patient is admitted to the hospital for an operation under the care of his privately retained physician. We decline to do so.

Judge Wells, in *Bost v. Riley*, very aptly summarized the law of corporate negligence as applied to hospitals in this State. He stated:

> In contrast to the vicarious nature of *respondeat superior*, the doctrine of "corporate negligence" involves the violation of a duty owed *directly* by the hospital to the patient. Prior to modern times, a hospital undertook, "only to furnish room, food, facilities for operation, and attendants, and [was held] not liable for damages resulting from the negligence of a physician in the absence of evidence of agency, or other facts upon which the principle of *respondeat superior* [could have been] supplied." *Smith v. Duke University*, 219 N.C. 628, 634, 14 S.E. 2d 643, 647 (1941). In contrast, today's hospitals regulate their medical staffs to a much greater degree and play a much more active role in furnishing patients medical treatment. [Emphasis in original.]

44 N.C. App. at 645, 262 S.E. 2d at 395. *See also Rabon v. Hospital*, 269 N.C. 1, 152 S.E. 2d 485 (1967) in which our Supreme Court, while abolishing the doctrine of charitable immunity formerly available to charitable hospitals, acknowledged this "changed structure of the modern hospital." 44 N.C. App. at 645, 262 S.E. 2d at 395. With this "changed structure" comes a corresponding duty. As stated in *Bost*,

> [w]hile the doctrine of corporate negligence has never previously been either expressly adopted or rejected by the courts of our State, it has been implicitly accepted and applied in a number of decisions. The Supreme Court has intimated that a hospital may have the duty to make a reasonable inspection of equipment it uses in the treatment of patients and remedy any defects discoverable by such in-

spection. *Payne v. Garvey*, 264 N.C. 593, 142 S.E. 2d 159 (1965). The institution must provide equipment reasonably suited for the use intended. *Starnes v. Hospital Authority*, 28 N.C. App. 418, 221 S.E. 2d 733 (1976). The hospital has the duty not to obey instructions of a physician which are obviously negligent or dangerous. *Byrd v. Hospital*, 202 N.C. 337, 162 S.E. 738 (1932). We have suggested that a hospital could be found negligent for its failure to promulgate adequate safety rules relating to the handling, storage and administering of medications, *Habuda v. Hospital*, 3 N.C. App. 11, 164 S.E. 2d 17 (1968), or for its failure to adequately investigate the credentials of a physician selected to practice at the facility, *Robinson v. Duszynski*, 36 N.C. App. 103, 243 S.E. 2d 148 (1978).

44 N.C. App. at 647, 262 S.E. 2d at 396.

In the case before us, the Coxes allege only that the Hospital was negligent in not obtaining the informed consent of Mr. Cox before the medical procedure was performed. They do not allege negligence by the Hospital in the selection or referral of the physician they privately retained. They do not allege negligence by the Hospital in the performance of the myelogram, in the operation of machinery or equipment during the myelogram, in the staffing of the support personnel who assisted during and after the myelogram, or in the administration of drugs to Mr. Cox. Further, the Complaint contains no allegations of negligence by the Hospital personnel during the myelogram.

We do not read *Bost* or the cases cited therein to impose a duty on the Hospital to obtain the informed consent of Mr. Cox under the facts of this case. The role of the Hospital in the entire procedure was to provide facilities and support personnel for Dr. Haworth. Any liability imputed to the Hospital would have to flow from acts or omissions which were a part of the function it performed in the myelogram.

This Court has held that if circumstances warrant, a physician has a duty to warn a patient of consequences of a medical procedure. *Brigham v. Hicks*, 44 N.C. App. 152, 260 S.E. 2d 435 (1979). The physician in this case was Mr. Cox's own privately retained physician. Any duty to inform Mr. Cox of the risks of the procedures would have been on the privately retained physician,

not on the Hospital or its personnel. Consequently, we find that the Hospital had no duty to inform Mr. Cox of the risks and procedures to be used in the administration of the myelogram or to secure his informed consent when Mr. Cox hired his private physician to perform the myelogram.

We recognize that our courts have held that it is only in exceptional negligence cases that summary judgment should be granted since the prudent man rule and other applicable standards of care must be applied and since these standards should be applied by a jury. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979); *Smithers v. Collins*, 52 N.C. App. 255, 278 S.E. 2d 286 (1981). However, summary judgment is appropriate in negligence cases in which it appears the plaintiff cannot recover even if the facts as claimed by him are accepted as true. *Whitaker v. Blackburn*, 47 N.C. App. 144, 266 S.E. 2d 763 (1980). Since we find no duty on the part of the Hospital to advise Mr. Cox of the risk involved in the myelogram and no duty to obtain his consent, the Coxes could not recover under the facts of this case, and summary judgment was properly granted.

### III

Since we find no duty on the part of the Hospital to obtain Mr. Cox's consent, we summarily dismiss the Coxes' argument that the Hospital was liable under a battery theory.

For the foregoing reasons, the judgments in Mr. Cox's case (80CVS3503) and in Mrs. Cox's case (80CVS5049) are

Affirmed.

Judge MARTIN (Robert M.) and Judge MARTIN (Harry C.) concur.