DAVIE JEAN BLANTON v. MOSES H. CONE MEMORIAL HOSPITAL, INC.

No. 57PA86

(Filed 7 April 1987)

**1. Hospitals § 3— corporate negligence— respondeat superior—no distinction**

What has previously been called corporate negligence is nothing more than an application of negligence principles; a corporation can only act through its agent and, if it is liable for negligence, it has to be through the doctrine of respondeat superior.

**2. Hospitals § 3.3— negligence of unqualified physician—liability of hospital**

The trial court should have denied defendant's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) where plaintiff alleged that defendant granted clinical privileges to a doctor to perform operations without ascertaining that the doctor was qualified to perform them; failed to enforce the standards of the Joint Commission on Accreditation of Hospitals; permitted its agents to follow instructions of the physician which were dangerous to plaintiff; failed to monitor and oversee the treatment and care of plaintiff by the physician on its premises; and permitted the doctor to perform a series of surgeries for which she was not properly qualified without requiring that she be supervised or assisted by a properly qualified member of its medical staff. Plaintiff's allegation that defendant allowed the physician to perform an operation on its premises which was not medically required did not state a claim.

ON discretionary review of the decision of the Court of Appeals, 78 N.C. App. 502, 337 S.E. 2d 200 (1985), reversing and re-

manding the judgment of dismissal entered by *Davis (James C.), Judge,* at the 8 January 1985 Session of Superior Court, GUIL-FORD County. Heard in the Supreme Court 10 December 1986.

This is an action for damages to the plaintiff for injuries she received in a series of operations performed on the premises of the defendant hospital. The plaintiff's allegations may be summarized as follows: From 12 September 1978 through 17 November 1978 three operations were negligently performed on the plaintiff on the premises of the defendant hospital, which operations proximately caused substantial injuries to the plaintiff. The hospital breached duties owed to the plaintiff and was negligent in that it, (1) granted clinical privileges to her physician to perform an operation for which the physician was not qualified, (2) failed to ascertain that the physician who performed the operations was qualified to perform them, (3) failed to enforce the standards of the Joint Commission on Accreditation of Hospitals relating to the quality of patient care, (4) permitted its agents, servants and employees to follow instructions of the physician which were dangerous to the plaintiff, (5) failed to monitor and oversee the treatment and care of the plaintiff by the physician on the premises of the hospital, (6) permitted an unqualified physician to perform surgery without requiring that the physician be supervised or assisted by a properly qualified member of its medical staff, and (7) permitted the physician to perform an operation on its premises that was not medically required.

The superior court allowed a motion to dismiss pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6). The Court of Appeals reversed and we granted the defendant's petition for discretionary review.

*Clark & Wharton, by David M. Clark, for plaintiff appellee.*

*Henson, Henson, Bayliss & Coates, by Perry C. Henson and Jack B. Bayliss, Jr., for defendant appellant.*

*James B. Maxwell and Burton Craige for the North Carolina Academy of Trial Lawyers, amicus curiae.*

*Alene M. Mercer, H. Lee Evans, Jr. and Robert M. Clay, for the North Carolina Association of Defense Attorneys, amicus curiae.*

*W. C. Harris, Jr. and Samuel O. Southern, for the North Carolina Hospital Association Trust Fund, amicus curiae.*

WEBB, Justice.

The question on this appeal is whether it was error for the superior court to allow the defendant's motion to dismiss pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6). We hold it was error and affirm the decision of the Court of Appeals.

In the Court of Appeals the focus of the parties' briefs and the court's opinion was on whether *Bost v. Riley*, 44 N.C. App. 638, 262 S.E. 2d 391, *cert. denied*, 300 N.C. 194, 269 S.E. 2d 621 (1980) applies retroactively. The Court of Appeals held that it does.

In this Court the appellant argues in addition to its argument on the retroactive application of *Bost* that the complaint fails to allege corporate negligence. The term "corporate negligence" has been used in discussing the liability of hospitals to patients. *See Darling v. Hospital*, 33 Ill. 2d 326, 211 N.E. 2d 253, 14 A.L.R. 3d 860 (1965), *cert. denied*, 383 U.S. 946, 16 L.Ed. 2d 209 (1966); *Jones v. New Hanover Hospital*, 55 N.C. App. 545, 286 S.E. 2d 374, *cert. denied*, 305 N.C. 586, 292 S.E. 2d 570 (1982); *Cox v. Hayworth*, 54 N.C. App. 328, 283 S.E. 2d 392 (1981); and *Robinson v. Dusznyski*, 36 N.C. App. 103, 243 S.E. 2d 148 (1978). *See also Redpath, Corporate Negligence of Hospitals and the Duty to Monitor and Oversee Medical Treatment*, 17 Wake Forest L. Rev. 309 (1981). The above cases hold that it is the rule that if a doctor is not an agent of a hospital and he negligently injures his patient while on the premises of the hospital, the hospital is not liable to the patient on the theory of respondeat superior.

[1] The courts have sometimes said that there is a difference between a hospital's liability based on respondeat superior and liability based on corporate negligence. We believe that the use of these two labels is unfortunate when analyzing the liability of hospitals. Respondeat superior is a doctrine which makes a principal liable for the acts of an agent within the scope of the agent's

authority. *See Rogers v. Black Mountain*, 224 N.C. 119, 29 S.E. 2d 203 (1944). A corporation can act only through its agents. *See* Robinson, *North Carolina Corporation Law and Practice*, The Harrison Press § 13-4. If it is liable for negligence it has to be through the doctrine of respondeat superior. Even if a hospital is not liable for the negligence of a doctor because the doctor is not an agent of the hospital it still may be liable if, through a person who is an agent of the hospital it has breached a duty it owes to a patient. This is what has been called corporate negligence. This is no more than the application of common law principles of negligence and is not some recently developed doctrine upon which liability is based.

[2] In determining whether the plaintiff has alleged sufficient facts to withstand a motion to dismiss we are guided by the standard of the reasonable man of ordinary prudence. "Actionable negligence is the failure of one owing a duty to another to do what a reasonable and prudent man would ordinarily have done, or doing what such a person would not have done, which omission or commission is the proximate cause of injury to another." S. Speiser, C. Krause and A. Gans, *The American Law of Torts* § 9.1 p. 995 (1983). The liability of the defendant to the plaintiff depends on whether the defendant owed a duty of care to the plaintiff, which duty was violated, proximately causing injury to the plaintiff.

We have recognized that hospitals in this state owe a duty of care to patients. *Rabon v. Hospital*, 269 N.C. 1, 152 S.E. 2d 485 (1967). Hospitals have a duty to exercise ordinary care in the selection of their agents. *Hoke v. Glenn*, 167 N.C. 594, 83 S.E. 807 (1914). In *Payne v. Garvey*, 264 N.C. 593, 142 S.E. 2d 159 (1965) this Court, while affirming a judgment of nonsuit in favor of the defendant hospital, said a hospital is under a duty to use reasonable care in the selection, inspection and maintenance of equipment. *Starnes v. Hospital Authority*, 28 N.C. App. 418, 221 S.E. 2d 733 (1976) is to the same effect.

The plaintiff has alleged the defendant granted clinical privileges to a doctor to perform operations without ascertaining whether the doctor was qualified to perform them. *Hoke* holds that a hospital is liable for negligence in the selection of its agents. The doctor in this case is not an agent of the hospital but

we believe the principle of *Hoke* should apply and a hospital should be liable for negligence in allowing an unqualified doctor to perform operations in the hospital. *Dusznyski* recognized this duty while holding that the action against the hospital should have been dismissed. We hold that a reasonable man of ordinary prudence in the position of the hospital owes a duty of care to its patients to ascertain that a doctor is qualified to perform an operation before granting him the privilege to do so.

The plaintiff has also alleged that the defendant failed to enforce the standards of the Joint Commission on the Accreditation of Hospitals. In *Wilson v. Hardware, Inc.*, 259 N.C. 660, 131 S.E. 2d 501 (1963), the plaintiff brought an action against the manufacturer for injuries caused by the breaking of a ladder. The evidence showed that the ladder was not constructed according to the American Standard Safety Code for Portable Wood Ladders. The defendant purported to follow that code in the construction of its ladders. This Court held this was some evidence of negligence on the part of the defendant. If it is some evidence of negligence for the manufacturer of ladders to violate an industry safety standard which safety standard the manufacturer had purported to follow we believe it is some evidence of negligence for a hospital to violate a safety standard which the hospital had purported to follow. The duty of a hospital to its patients should be at least as great as a ladder manufacturer to users of its ladders.

The plaintiff has alleged further that the defendant permitted its agents to follow instructions of the physician which were dangerous to the plaintiff. In *Byrd v. Hospital*, 202 N.C. 337, 162 S.E. 738 (1932), while holding that a nurse who obeys the orders of a physician in charge of a patient is not ordinarily liable, the Court recognized that if an order of a physician to a nurse is "so obviously negligent as to lead any reasonable person to anticipate that substantial injury would result to the patient by the execution of such order" the nurse may be held liable. We hold that if the plaintiff can prove an agent of the hospital followed some order of the doctor which meets the test of *Byrd* the plaintiff will have a claim based on this allegation.

The plaintiff has alleged that the defendant hospital failed to monitor and oversee the treatment and care of the plaintiff by the physician on its premises. The plaintiff in her brief says that

she will prove pursuant to this allegation that the defendant failed to monitor and supervise the doctor's overall performance in the hospital on an ongoing basis. We believe evidence of a failure to monitor and supervise on an ongoing basis would be relevant under this allegation. We hold that pursuant to the reasonable man standard the defendant had a duty to monitor on an ongoing basis the performance of physicians on its staff and this allegation states a claim.

The plaintiff has also alleged that the defendant hospital permitted the doctor "to perform a series of surgeries . . . for which she was not properly qualified without requiring that she be supervised or assisted by a properly qualified member of its medical staff." We hold that this states a claim. Under ordinary circumstances a hospital is not required to supervise a surgeon in the performance of an operation. *See Cox*, 54 N.C. App. 328, 283 S.E. 2d 392. We believe that a reasonable man in the position of the hospital, if it allowed an unqualified surgeon to perform an operation, should provide supervision or assistance to such a surgeon. The plaintiff contends it is negligence not to provide such assistance although the hospital does not know the doctor is unqualified if it would have known through the exercise of ordinary care. We believe that a reasonable man of ordinary prudence in the position of the hospital, although it may have been negligent in not knowing the lack of his qualifications, would not require that the surgeon be supervised or assisted by a properly qualified member of its staff if it did not know the doctor was not qualified. Under this allegation the plaintiff will have to prove knowledge in order to prove her claim.

The plaintiff has also alleged that the defendant allowed the physician to perform an operation on its premises which was not medically required. The doctor was not the agent of the defendant hospital. The hospital did not control the doctor's decision to perform the operation and is not liable for it except as indicated in other parts of this opinion.

In light of the position we have taken in this opinion that the case is governed by common law principles of negligence and that what has previously been called corporate negligence is nothing more than an application of negligence principles, the question of retroactiveness does not arise.

The decision of the Court of Appeals is

Affirmed.